IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 07-0665

════════════

 

In re Morgan Stanley &
Co., Inc.,

successor to Morgan Stanley
DW, Inc., Relator

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued October 15,
2008

 

 

            Justice Willett,
concurring.

 

            Like the Court, I believe the
Federal Arbitration Act (FAA) reserves signatory-power issues like this to
judges, not to arbitrators. A mental-incapacity defense goes to whether the
parties reached an agreement in the first place, while defenses like fraudulent
inducement attack the validity of an agreement actually made. That is, the
former says no agreement exists; the latter concedes existence but contests
enforcement.

            Like Justice Brister, I dislike the murky line between contract
formation and contract validity.1 And while I have no quarrel with the
Court’s application of the relevant caselaw, I wish
such a discussion were unnecessary. Judicial decisions often embroider
statutory text with more complexity than is necessary. Sometimes legislative
language is clear enough on its own and leaves no room for judicial parsing or
sprucing. This case is governed by the Federal Arbitration Act, and Section 4
provides a rather straightforward answer, declaring that disputes relating to
the “making” of an arbitration agreement are gateway matters for the court.2

            Since a mental-incapacity defense
goes to whether an agreement was made, the court must decide it. (Indeed, it’s
difficult to see how an incompetent person can “make” a contract since a
“meeting of the minds” cannot happen if one of the minds is incapable of
meeting.) The statute is free of nuance and merits a nuance-free
interpretation: The FAA itself declares this issue a judicial one.

 

 

                                                                        ______________________________

                                                                        Don R. Willett

                                                                        Justice

 

 

OPINION DELIVERED: July 3,
2009














[1] __ S.W.3d __ (Brister, J., concurring).





[2] 9 U.S.C. § 4 (the court shall order the parties to
arbitration “upon being satisfied that the making of the agreement for
arbitration or the failure to comply therewith is not in issue”).